IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-14-334 |
| | * | |
| SEAN ANDRE WILSON | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Sean Andre Wilson is a federal prisoner who is serving a 132-month sentence for drug trafficking. Now pending is Wilson's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on increased risk of severe illness related to COVID-19. (ECF 327). The government opposes the motion, (ECF 328), and Wilson has replied, (ECF 329). For the reasons explained below, the motion will be denied.

## BACKGROUND

From September 2013 to June 2014, Wilson was a member of a heroin trafficking conspiracy. (ECF 137 (Plea Agreement)). On November 4, 2014, Wilson pled guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing heroin, in violation of 21 U.S.C. § 846. (*Id*.). Wilson admitted that 30 kilograms or more of heroin was reasonably foreseeable to him as a member of the conspiracy. (*Id*. at 11). On February 12, 2015, Wilson was sentenced to 132 months' imprisonment, followed by a five-year term of supervised release. (ECF 178 (Judgment)).

On May 3, 2020, Wilson contacted the warden of his BOP facility and requested compassionate release, arguing that his family medical history placed him at greater risk of serious illness related to COVID-19. (ECF 327-2). The government does not contest that Wilson has satisfied the administrative prerequisites for filing a compassionate release motion in this

1

court. (ECF 328 at 13 (citing 18 U.S.C. § 3582(c)(1)(A)). The only issues are (1) whether "extraordinary and compelling reasons" warrant reduction of Wilson's sentence and (2) whether the § 3553(a) factors weigh in favor of such a reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).[1] As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).

Wilson argues that extraordinary and compelling reasons exist for compassionate release because he is African American, over fifty years old, and his "family history makes him subject to increased vulnerability to the COVID-19 virus as well as to the severe consequences if and when contracted." (ECF 327 at 7). Wilson does not claim, however, that he personally suffers

---

[1] The BOP's regulations and implementing information relating to compassionate release are set forth in Program Statement 5050.50, titled "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)."

from any underlying medical conditions that increase his risk of severe illness related to COVID-19. Indeed, the only medical record Wilson submits suggests that he is healthy. (ECF 329-3 (indicating that Jody L. Kelly, RN, cleared Wilson for food service duty on June 8, 2020)). Without evidence that Wilson *himself* is particularly vulnerable to COVID-19, the court is not persuaded that Wilson's age and race sufficiently increase his COVID-19 risk as to constitute an extraordinary and compelling reason for a sentence reduction.

As no extraordinary and compelling reason exists, it is not necessary to address the § 3553(a) factors, although it should be noted that the quantity of heroin involved in this offense was substantial. The court does appreciate, however, Wilson's progress while incarcerated, his commitment to his family, including his daughter, and his intention to add value to the world, once he is released.

## CONCLUSION

For the reasons explained above, Wilson's motion for compassionate release will be denied. A separate order follows.

| | |
|---|---|
| 7/27/20 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |